UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALBERT ROBINSON,
#602273,

      Petitioner,

vs.

SHERMAN CAMPBELL,

      Respondent.

_____/

Civil Action No. 18-CV-13943

HON. BERNARD A. FRIEDMAN

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR
APPOINTMENT OF A PRIVATE INVESTIGATOR AND DENYING PETITIONER'S
MOTIONS FOR ADDITIONAL DISCOVERY**

On December 17, 2018, petitioner filed an application in this matter for a writ of habeas corpus challenging his state convictions for criminal sexual conduct and assault with intent to do great bodily harm less than murder. Presently before the Court are petitioner's motion for appointment of a private investigator [docket entry 16] and motions for additional discovery [docket entries 15 and 17]. Responses to petitioner's motions have not been filed, but in the answer to the habeas petition respondent urges the Court to deny any relief that petitioner seeks. *See* Resp. to Pet., Dkt. 10, PageID.361. For reasons that follow, the Court shall deny petitioner's motions.

**I. Background**

Petitioner's convictions arose from two separate state-court cases. In case number 2011-002189-FC, petitioner was tried before a jury in Macomb County Circuit Court and convicted of one count of first-degree criminal sexual conduct ("CSC I"), Mich. Comp. Laws § 750.520b, and one count of assault with intent to do great bodily harm less than murder ("AWIGBH"), Mich. Comp. Laws § 750.84. The trial court sentenced petitioner to 168 to 400

months' imprisonment for the CSC I conviction and 80 to 120 months' imprisonment for the

AWIGBH conviction.  The court subsequently amended the judgment of sentence *sua sponte* to

order lifetime electronic monitoring.  In the second case, case number 2011-003549-FH, petitioner

pled guilty to two counts of third-degree criminal sexual conduct ("CSC III"), Mich. Comp. Laws

§ 750.520d.  The trial court sentenced petitioner to 100 months to fifteen years' imprisonment for

each CSC III conviction in accordance with his *Cobbs* agreement.[1]

      The Michigan Court of Appeals affirmed petitioner's convictions in an

unpublished, *per curiam* opinion.  *See People v. Robinson*, Nos. 311356, 314604, 2014 WL

7157642 (Mich. Ct. App. Dec. 16, 2014).  The Michigan Supreme Court reversed the portion of

the court of appeals' judgment that addressed the trial court's *sua sponte* order for resentencing in

the CSC I case.  The supreme court then vacated the amended judgment of sentence in that case

and remanded the case to the trial court for reinstatement of the initial judgment of sentence in the

case.  The supreme court denied leave to appeal in all other respects.  *See People v. Robinson*, 901

N.W.2d 875 (Mich. 2017).

---

[1] This Court has explained:

> A *Cobbs* agreement, a distinct aspect of Michigan law, is a judge's on-the-record statement, at the time of a guilty plea, regarding the length of sentence that appears to be appropriate, based on information known at that time.  *People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993).  *Cobbs* established that if a trial court later decides to exceed the anticipated sentence, the defendant is entitled to the opportunity to withdraw his plea and proceed to trial, where he pleaded guilty in reliance on the court's agreement to sentence him within a lower range.  *Id.*

*Howard v. Bell*, No. 2:10-CV-10434, 2011 WL 2560278, at *1 (E.D. Mich. June 28, 2011).

The instant petition raises the following grounds for relief: (1) the prosecutor, trial judge, and defense counsel withheld medical evidence from petitioner; (2) the judge at the preliminary hearing for case number 2011-003549-FH was biased toward defense counsel; (3) the trial court abused its discretion by denying petitioner effective counsel when he tried to fire his counsel on several occasions; (4) petitioner was denied effective assistance of counsel through counsel's performance and refusal to object; (5) the trial court erred in denying petitioner his statutory right to a polygraph with his counsel present; (6) Michigan Court of Appeals Presiding Judge Deborah A. Servitto abused her discretion by ruling on petitioner's motion to remand for an evidentiary hearing on the ineffective assistance of defense counsel Adil Havadhvala; (7) the prosecutor denied petitioner a fair trial and violated his right to due process by denigrating petitioner, intentionally and flagrantly ridiculing petitioner, and by misrepresenting the facts and nature of the crime; (8) defense counsel Adil Havadhvala was ineffective in failing to call and produce defense witnesses; and (9) the trial court abused its discretion at sentencing when it did not adhere to the signed *Cobbs* agreement and added 12 years to the maximum sentence of 14 to 21 years, raising it to 14 to 33 years. Pet., Dkt. 1, PageID.6-28.

## II. Petitioner's Motion for Appointment of a Private Investigator

Petitioner asks that the Court appoint him a private investigator or approve $1,500 in expenses so he can hire a private investigator to question the complainants in his state criminal cases. He states that an investigator could help him prove his innocence. *See* Dkt. 16, PageID.1966.

The Supreme Court "has often reaffirmed that fundamental fairness entitles indigent defendants to 'an adequate opportunity to present their claims fairly within the adversary

system.'"  *Ake v. Oklahoma*, 470 U.S. 68, 77 (1985) (quoting *Ross v. Moffitt*, 417 U.S. 600, 612 (1974)).  "To implement this principle, [the Supreme Court has] focused on identifying the 'basic tools of an adequate defense or appeal,' . . . and [it has] required that such tools be provided to those defendants who cannot afford to pay for them."  *Id*. (quoting *Britt v. North Carolina*, 404 U.S. 226, 227 (1971)); *see also Mason v. Mitchell*, 320 F.3d 604, 615 (6th Cir. 2003) (stating that "[i]ndigent prisoners are constitutionally entitled to 'the basic tools of an adequate defense or appeal, when those tools are available for a price to other prisoners'" (quoting *Britt*, 404 U.S. at 227)).  In *Ake*, 470 U.S. at 74, the Supreme Court held "that when a defendant has made a preliminary showing that his sanity at the time of the offense is likely to be a significant factor at trial, the Constitution requires that a State provide access to a psychiatrist's assistance on this issue if the defendant cannot otherwise afford one."  However, petitioner in this matter has not cited any Supreme Court decision, and the Court is aware of none, that extends *Ake* or *Britt* to the appointment of a private investigator in a habeas action to question the complaining witnesses in a defendant's criminal case.  Therefore, petitioner's motion for appointment of a private investigator is denied.

## III.  Petitioner's Motions for Additional Discovery

As noted, petitioner has filed two motions for additional discovery.  When reviewing these motions, the Court is mindful that "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."  *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *see also Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001) (stating that "[h]abeas petitioners have no right to automatic discovery").  Although "[a] judge may, for good cause, authorize a party to conduct discovery," Rules Governing Section 2254

4

Cases, Rule 6(a), the habeas petitioner must "present[] specific allegations showing reason to believe that the facts, if fully developed, may lead the district court to believe that federal habeas relief is appropriate." *Cornwell v. Bradshaw*, 559 F.3d 398, 410 (6th Cir. 2009) (quoting *Lott v. Coyle*, 261 F.3d 594, 602 (6th Cir. 2001)).  "The burden of demonstrating the materiality of information requested is on the moving party." *Stanford*, 266 F.3d at 460 (internal citation omitted).

### A.  First Motion for Additional Discovery

In his first motion for discovery, petitioner asks that all of his briefs contesting his conviction and sentence be submitted to the Court. *See* Dkt. 15, PageID.1963, ¶ 2.  Respondent, however, has already filed the relevant portions of the state-court record, and the record includes petitioner's briefs on appeal in which he contested his conviction and sentence.  Accordingly, petitioner's request to have his state-court briefs submitted to the Court is denied as moot.

Petitioner has requested other items, which he alleges "are related to important parts of [his] brief." *Id.* ¶ 10.  First, petitioner requests his trial attorney's motion for a polygraph, the order granting a polygraph, the date on which the polygraph examination was conducted, and all documents pertaining to the polygraph, including the polygraph itself. *See id.* ¶¶ 3-5.  In his habeas petition and in the court of appeals, petitioner raised the issue of the polygraph as a matter of state law. *See* Dkt. 1, PageID.18; Dkt. 1-1, PageID.185-87; Dkt. 11-12, PageID.796-98.  The Court "may not issue the writ [of habeas corpus] on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984).  Moreover, the Michigan Court of Appeals determined that the statutory right to a polygraph was satisfied, that petitioner's contention that he would have passed a polygraph if it had been fully administered was "speculative," and that the result of the testimony

would not have been admissible at trial in any event. *Robinson*, 2014 WL 7157642, at \*8. Thus, further discovery pertaining to the polygraph issue is not warranted.

Petitioner also seeks a copy of the order appointing Adil Havadhvala as his trial counsel, the police reports and exhibits in his criminal cases, and pictures of one of the complainants taken on or about September 14 and 20, 2011. *See* Dkt. 15, PageID.1963-1964, ¶¶ 6-7, 9. Petitioner has failed to show how these items are relevant or necessary for further development of his claims. The Michigan Court of Appeals, moreover, stated on direct review that the prosecutor was not required to disclose police reports, photographs of the victims, and other items that petitioner sought because the items were not exculpatory information. *See Robinson*, 2014 WL 7157642, at \*20. The Court therefore denies petitioner's request for the order appointing trial counsel, for police reports and exhibits, and for pictures of one of the complainants.

Petitioner also seeks the complainants' medical records. *See* Dkt. 15, PageID.1964, ¶ 8. This request is related to petitioner's first habeas claim in which he alleges that the trial court, prosecutor, and defense counsel conspired to remove the complainants' medical records from his discovery packet. The Michigan Court of Appeals addressed this issue on appeal and found no evidence to support petitioner's "own blatant speculation" that the materials were removed and made unavailable to petitioner through a conspiracy or improper conduct. *Robinson*, 2014 WL 7157642, at \*21. The court of appeals also found petitioner's contention that the records might be exculpatory or useful to the defense to be "speculative" and "more in the nature of a forbidden fishing expedition." *Id.* at \*20 (internal quotation marks and citation omitted). Petitioner has not shown that the court of appeals erred in characterizing this request as a "fishing expedition." This discovery request is denied.

Finally, petitioner seeks a copy of defense counsel's motion for an evidentiary hearing and Judge Servitto's order denying the motion. *See* Dkt. 15, PageID.1964, ¶ 11. The motion that petitioner appears to be requesting is his appellate attorney's motion to remand petitioner's case to the trial court for an evidentiary hearing on trial counsel's performance. That motion was received by the Michigan Court of Appeals on December 21, 2012, *see* Dkt. 11-12, PageID.826-830, and because it is already part of the record before the Court, there is no need for petitioner to conduct additional discovery to acquire it. He may purchase a copy of the motion from the Clerk of the Court at $0.50 per page. *See* Judicial Conference Schedule of Fees, ¶ 4, foll. 28 U.S.C. § 1914. As for Judge Servitto's order denying the motion, petitioner attached a copy of it to his habeas petition as Exhibit 2F. *See* Pet., Dkt. 1, PageID.88.

Petitioner has failed to show how the items requested in his first discovery motion are relevant or necessary for a fair presentation of his habeas claims. Accordingly, the Court denies petitioner's first motion for additional discovery.

### B. Second Motion for Additional Discovery

In his second motion for additional discovery, petitioner requests the video and audio recordings for proceedings that occurred in his state-court cases on the following dates: August 22, 2011; October 5 and 31, 2011; December 15, 2011; March 15 and 29, 2012; April 26 and 30, 2012; May 15 through 18, 2012; June 12 and 26, 2012; and January 22, 2013. *See* Dkt. 17, PageID.1967, ¶ 3. The Court does not have video or audio recordings for those proceedings. Rule 5(c) of the Rules Governing Section 2254 Cases merely requires the respondent in a habeas action to "attach to the answer parts of the transcript that the respondent considers relevant."

7

Respondent satisfied this obligation by submitting written transcripts of the proceedings on the dates in question.  The Court therefore denies petitioner's request for video and audio recordings.

Petitioner's remaining request is for a copy of his appellate attorney's brief submitted to the court of appeals for an evidentiary hearing.  Petitioner states that the attorney never provided him with a copy of the brief.  *See id.* ¶ 4.  Petitioner raised this same issue in his first motion for discovery, and this request is denied for the reasons stated above.

Petitioner has not shown good cause for discovery of the items requested in his second motion for additional discovery.  The Court therefore denies the motion.

## IV.  Conclusion

For the reasons stated above,

IT IS ORDERED that petitioner's motion for appointment of a private investigator [docket entry 16] is denied.

IT IS FURTHER ORDERED that petitioner's first motion for additional discovery [docket entry 15] is denied.

IT IS FURTHER ORDERED that petitioner's second motion for additional discovery [docket entry 17] is denied.

s/Bernard A. Friedman

Dated: September 24, 2020                        BERNARD A. FRIEDMAN
    Detroit, Michigan                             SENIOR U.S. DISTRICT JUDGE

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on September 24, 2020.

**Albert Robinson, Pris. No. 602273**
Parnall Correctional Facility - SMT
1780 E. Parnall
Jackson, MI 49201

s/Johnetta M. Curry-Williams
Case Manager

9